Jasam Realty Corp. v. Fidelity and Guaranty Insurance Underwriters

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 18th day of June two thousand fourteen.

Present:      ROSEMARY S. POOLER,
              PETER W. HALL,
              SUSAN L. CARNEY,
                        *Circuit Judges.*

_____

JASAM REALTY CORP., CROTONA PROPERTIES, INC.,

              *Plaintiffs-Appellants*,

              -v-                                     13-3116-cv

FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, INC.,
ST. PAUL FIRE AND MARINE INSURANCE COMPANY,[1]

              *Defendants-Appellees*.

_____

Appearing for Appellant:      Barry E. Silver (Norman Alan Kaplan, *on the brief*), Great Neck, N.Y.

Appearing for Appellee:       Joseph G. Finnerty III, DLA Piper LLP (US) (Eric S. Connuck, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Wexler, *J.*).

_____

[1] The Clerk of the Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Jasam Realty Corp. and Crotona Properties, Inc. (together, "Jasam") appeal from the July 11, 2013 memorandum and order of the United States District Court for the Eastern District of New York (Wexler, *J.*) granting a motion to dismiss filed by Fidelity and Guaranty Insurance Underwriters, Inc. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Jasam argues that there is, at minimum, a question of fact, as to whether it manifested an intent to release its claim to attorneys' fees. "The scope and meaning of a release will be determined by the manifested intent of the parties—in Corbin's words, 'by the process of interpretation, just as in the case of determining the meaning of an executory contract.'" *Gordon v. Vincent Youmans, Inc*., 358 F.2d 261, 263 (2d Cir. 1965) (quoting 5A Corbin, Contracts § 1238 at 560 (1964)). Jasam argues that the record makes clear that it never intended to provide a general release to Fidelity, noting its counsel declined to "deliver releases of any sort." However, later in the settlement colloquy, Fidelity's counsel stated that the dismissal was to claims "[a]rising out of the claims or that could have been brought in conjunction with the claims." When that statement was made, Jasam's lawyer did not object, or reserve the right to seek attorneys' fees, instead remaining silent. The action was then discontinued with prejudice and without costs.

We find that the settlement, as placed on the record in open court, bars Jasam's claim for attorneys' fees. First, the settlement applied to both the declaratory judgment action and the personal injury action. It was agreed that "all claims, cross claims and counterclaims will be discontinued without cost to one party against the other with respect to the settlement with prejudice." Jasam objected to a release on the ground that it did not have a counterclaim, and thus it was not "appropriate or ordinary" to deliver a release. There was no reservation of rights. Thus, even absent a signed general release, the parties evinced a clear intent on the record to settle all claims among themselves arising out of the litigation, which would inherently include a claim for attorneys' fees.

As we find Jasam's claims barred by the settlement, we do not reach the issue of whether Jasam was a prevailing party. We have examined the remainder of Jasam's claims and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk